State vs. Stafford.

## No. 14,349.

### STATE OF LOUISIANA VS. WARREN STAFFORD.

#### SYLLABUS.

1. There was no bill of exceptions and no assignment of errors, and the inspection of the record shows no error.
2. The fact that the defendant was asked by the trial judge if he had any statement to make prior to sentence was made to appear of record. The minutes were amended *nunc pro tunc*. The part of the record in which it appears was supplied through *certiorari*.

APPEAL from the Second Judicial District, Parish of Bossier— *Watkins, J.*

*Walter Guion,* Attorney General, and *T. T. Land,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Joe E. Johnston,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. On the 27th day of January, 1902, an indictment was found against the defendant charging him with having murdered Delia Stafford.

He was tried by a jury and found guilty as charged, and sentenced to suffer the extreme penalty of the law. No bill of exceptions was taken and no assignment of errors was filed.

After the record had been filed here an examination found that it did not appear of record that the defendant had been asked by the presiding judge, prior to delivering his sentence, if he had any statement to make why sentence should not be passed upon him.

To supply this a writ of *certiorari* was applied for by the Attorney General and was issued by this court. The district attorney of the district filed a rule (after the *certiorari* had issued) on defendant and his attorney to show that the accused was asked by the trial judge before sentence, " if he had anything to say why judgment should not be pronounced against him," and he asked that corrections in the minutes be made accordingly.

The defendant answered this rule and denied that the question had been asked and averred that justice could not be done without granting him a new trial. The trial judge in answer to this rule and in compliance with the writ of this court said that in open court just prior to sentence he asked Warren Stafford whether he had anything to say why the sentence of the court should not be passed on him. He further answered that he ordered an amendment of the minutes so as to show this fact *nunc pro tunc.*

Evidence was taken on trial of a rule to correct the minutes. Several witnesses were examined and it was shown that the question was asked as stated by the judge *a quo.* Before this court, the defendant, through counsel, urges that the proceedings had with the view of correcting the minutes are invalid: because the judge *a quo* did not determine or make the rule final; because the answer of the judge *a quo* (referred to above) and his affidavit is *ex parte* and was prepared and sworn to in Webster Parish three days before the rule was tried; because no issue has been decided.

Before taking up these grounds we will state that the purpose of the court was, in a case of this gravity, to comply with every formality, usual or unusual. We find this rule laid down in so far as our research went, only in Archibald, 7 Ed., note, p. 676, viz: "In capital cases before judgment is pronounced upon the defendant, it is necessary that he should be asked by the clerk of the court if he has anything to say why judgment should not be pronounced on him, and it is material that this appear on the record to have been done."

Returning to the objections here urged by the defendant, we think it sufficiently appears by the return that the rule was made final by the judge of the District Court by ordering the minutes to be corrected and stating substantially in his return under oath that the formality had been complied with originally and that the proper entry had not been made.

But defendant, in addition, sets up that no issue has been decided. The only issue was whether the facts warranted a correction of the minutes *nunc pro tunc.* To this the judge *a quo* returned an affirmative answer, and thereby the omission in matter of entry in the minutes was remedied.

The defendant further takes the ground that the proceedings were had prematurely and *ex parte.* True, the judge prepared his answer in another parish of his district, but in this and in the other complaints

in this connection we have not found ground to set aside the verdict and sentence.

We have examined the record carefully and have weighed the issues before us. There is no ground upon which we can possibly grant relief.

The law and the evidence being for the State and against the defendant, the judgment appealed from is affirmed.